IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Hinsdale Bank & Trust Company<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Harsha Hatti<br><br>　　　　　　　　　Defendants. | Case No.　19-cv-6121<br><br>Assigned Judge: Ronald A. Guzman<br><br>Magistrate Judge: Gabriel A. Fuentes |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

NOW COMES Plaintiff, Hinsdale Bank & Trust Company, ("Plaintiff" or "Hinsdale"), by its attorneys, Plunkett Cooney, PC, and as response to Defendant Harsha Hatti ("Defendant" or "Hatti") and third party citation respondents Hatti Group, RE, LLC, Corelinq Ventures, LLC, and Corelinq Innovations, LLC (collectively "Third Party Citation Respondents" or "TPCR")'s motion to dismiss the Citation and Third Party Citations ("Motion") (doc. 48) states as follows:

**I.　Background**

On January 23, 2020, this Court entered a final judgment in favor of Plaintiff and against Defendant in the amount of $2,963,819.53.　Doc. 33.　On January 9, 2021, pursuant to 735 ILCS 5/2-1402, Plaintiff served a Citation ("Citation") to discover assets upon Defendant and three Third Party Citations (collectively "Third-Party Citations") on TPCR. Docs. 36-39 (Exhibit A, Affidavits of Service) with a return date of January 26, 2021.　On January 25, 201, this Court entered the parties' agreed order on a schedule for Defendant and TPCR's responses to the Citation and Third Party Citations, including a February 22, 2021 due date for Plaintiff's response if Defendant filed a motion.　Doc. 47.

On February 8, 2021, Defendant and TPCR filed this Motion. Doc. 48. On February 9, 2021, the Court, *sua sponte*, entered another briefing schedule on the Motion that did not reference the prior order. Doc. 49. On February 23, 2021, the court clerk, in an email to the parties, clarified that the parties were to follow the February 9, 2021 briefing schedule.

**II. Response to Motion to Dismiss Third Party Citations**

**A. The Motion Should be Denied**

The Motion, as it relates to TPCR, should be denied, or at a minimum, continued until Plaintiff can investigate TPCR's assertion that they lack contacts with Illinois through both document production related to the Citation to Defendant and separate jurisdictional discovery.

Parties are subject to the jurisdiction of Illinois courts if they commit any of the enumerated acts in Illinois Long-Arm Statute and possess sufficient minimum contacts with Illinois to satisfy due process requirements. *FMC Corp. v. Varonos*, 892 F.2d 1308, 1310 (7th Cir. 1990). The Illinois Long-Arm Statute provides that "any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts … enumerated" in the statute submits to jurisdiction of the Illinois courts. 735 ILCS 5/2–209(a) (the "Illinois Long–Arm Statute"); *Broaddus v. Shields*, No. 08 C 4420, 2012 WL 1144664 (N.D. Ill. Apr. 5, 2012). The enumerated items include the "transaction of any business within the State," "the making or performance of any contract or promise substantially connected with this State," "the acquisition of ownership, possession or control of any asset or thing of value present within this State when ownership, possession or control was acquired" and "the ownership, use, or possession of any real estate located in this State," and the 735 ILCS 5/2–209(a)(1)(3)(7)(10). The Long-Arm Statute further provides that entities conducting

businesses in Illinois are subject to the jurisdiction of Illinois Courts. 735 ILCS 5/2-209(b)(4). Due process is satisfied where a defendant purposefully establishes connections with the state and, "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *FMC Corp. v. Varonos*, 892 F.2d at 1312.

Once a defendant is found to be 'doing business' in Illinois rather than merely 'transacting business' the defendant can be sued for any cause of action in Illinois regardless of whether it relates to the defendant's actions within Illinois. *Kostal v. Pinkus Dermatopathology Lab., P.C.*, 357 Ill. App. 3d 381, 385 (1st Dist. 2005).

Public records show that TPCR are conducting business in Illinois. With respect to Corelinq Innovations, LLC, the "News/Releases" section of Corelinq Innovations's website contains links to two articles from 2019 boasting that the company has an office Chicago. Exhibits B and C (the exhibits contain both the Corelinq Press Release web page showing the hyperlink address of each article on the bottom left and the article) http://www.corelinq.com/press-releases/ (last visited March 3, 2021). Corelinq Innovations also appears to have employed at least one person in Skokie, Illinois. See LinkedIn page for Adam Davis showing previous employment with Corelinq Innovations in Skokie, Illinois. Exhibit D. Further, Corelinq Innovations appears to have entered into a partnership with Integrity Business Exchange that claims to be headquartered in Des Plaines, Illinois. Exhibit E. Integrity Business Exchange is part of Integrity Payment Systems, LLC which is an assumed name for Payroc Payment Systems, LLC, an Illinois limited liability company with its principal office at 1350 E Touhy Ave, Suite 210W, Des Plaines, Illinois. Exhibit F.

As to Corelinq Ventures, LLC, Plaintiff believes it is closely affiliated with, or a parent/subsidiary of, Corelinq Innovations, LLC and therefore likely shares the same contacts to Illinois as Corelinq Innovations. Defendant Harsh Hatti owns 100% of Corelinq Innovations, LLC and the sole members of Corelinq Ventures, LLC are Hatti and his wife. Exhibit G ¶5,6 Similarly, Plaintiff believes Hatti Group RE, LLC is closely affiliated, or a parent/subsidiary of Hatti Group RE Chicago, LLC, an Illinois limited liability company. Exhibit H (SOS printout for Hattir Group RE Chicago). Defendant Harsh Hatti owns 100% of Hatti Group RE, LLC and 100% of Hatti Group RE Chicago, LLC. Ex. G ¶3,4

Additionally, all three TPCR are defendants in a separate Northern District of Illinois case arising from guaranties of payment they made for a loan. See Answer filed by TPCR (and others) in *Bancorp Bank v. Metropolitan Diagnostic Imaging, Inc. et al.* pending in the U.S. District Court for the Northern District of Illinois as case number 20-cv-1841 attached hereto as Ex. G.

In light of each TPCR's contacts with Illinois, the Motion as it relates to TPCR should be denied.

**B. In the Alternative, the Motion Should be Stayed so Plaintiff Can Investigate TPCR's Claims.**

In the alternative, the Motion, as it relates to TPCR should be stayed until Plaintiff can investigate TPCR's claims through the discovery related to the Citation to Defendant. Plaintiff's Citation to Defendant requires production of documents related to the entities owned by Debtor, including each TPCR. Exhibit I ¶4. This document production and Plaintiff's oral citation examination of Defendant should allow Plaintiff to sufficiently investigate and confirm TPCR's contacts with Illinois.

Plaintiff is entitled to records related to each TPCR based solely on its citation to Defendant. Illinois law allows for broad discovery of assets in post judgment proceedings. *Wachovia Sec., LLC v. Neuhauser*, No. 04 C 3082, 2011 WL 1465653 (N.D. Ill. Apr. 18, 2011) citing *Regan v. Garfield Ridge Tr. & Sav. Bank*, 247 Ill. App. 3d 621 (2d Dist. 1993) (recognizing § 2–1402 was designed to be "an efficient and expeditious procedure for discovery of assets and income of the judgment debtor and compelling their application to payment of the judgment or decree" and authorizing a "fishing expedition" to discover assets).

Creditors are entitled to documents related to all assets of a debtor, including assets of corporations owned by a debtor and their affiliates. *Wachovia Securities, LLC v. Loop Corp.*, 2008 WL 2625907 (N.D. Ill. 2005) (holding Debtor was required to produce document related to assets of debtor's subsidiary), a see also *JPMorgan Chase Bank v. PT Indah Kiat Pulp and Paper*, 2012 WL 2254193 (N.D. Ill. 2012) (denying motion to quash directed at assets of debtor's affiliates and alter egos); IL Sup. Ct. R. 277(c)(4) (the citation "may require, upon reasonable specification thereof, the production at the examination of any books, documents, or records in his or its possession or control which have or may contain information concerning the property or income of the debtor") (emphasis added).

Defendant admits he owns 100% of TPCR Hatti Group, LLC, 100% of Corelinq Innovations, LLC, and owns Corelinq Ventures, LLC with one other person, his wife. Ex. G ¶3-6. As such Defendant is required to produce the business records of TPCR in response to Plaintiff's individual citation to Defendant[1]. These records should resolve TPCR's assertion of a lack of contacts to Illinois.

---

[1] While Plaintiff is entitled to document production related to each TPCR based upon its citation to Defendant, the citations to TPCR are not duplicative of the Citation to Defendant because the third party citations require each TPCR to freeze any assets belonging to Defendant in their possession or control. 735 ILCS 5/2-1402(f).

In addition to production of documents from Defendant pursuant to Plaintiff's individual citation to Defendant, Plaintiff is entitled to jurisdictional discovery. When a motion to dismiss for lack of jurisdiction is based on the submission of written materials, the plaintiff's burden is only to establish a prima facie case of personal jurisdiction. *GCIU–Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). In determining whether a plaintiff has stated a prima facie case the complaint is to be read "liberally" and plaintiff is entitled to "the resolution in its favor of all disputes concerning relevant facts presented in the record." *Id.* Generally, jurisdictional discovery is justified if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdictional issue. *Trading Technologies Inter. Inc. v. BCG Partners, Inc.*, 2011 WL 1220013, *2 (N.D. Ill. Mar 28, 2011). A plaintiff is entitled to jurisdictional discovery where it does not have access the information necessary to establish jurisdiction. *Wells v. Hospital Group of IL, Inc.*, 2003 WL 21704416 * 3 (N.D. Ill. 2003).

As stated above, Corelinq Innovations' website includes links to articles stating it has offices in Chicago, and LinkedIn records show it previously maintained at least one employee in Skokie, Illinois. Ex B-D. Further, Corelinq Innovations has entered into a partnership with a business based in Des Plaines, Illinois. Ex E-F. Plaintiff believes Corelinq Ventures, LLC, it is closely affiliated with, or a parent/subsidiary of, Corelinq Innovations, LLC and therefore likely shares the same contacts to Illinois as Corelinq Innovations. Defendant Harsh Hatti owns 100% of Corelinq Innovations, LLC and the only members of Corelinq Ventures, LLC are Hatti and his wife. Ex. ¶5,6. Similarly, Plaintiff believes TPCR Hatti Group RE is closely affiliated, or a parent/subsidiary of Hatti Group RE Chicago, LLC, an Illinois limited liability

company. Therefore, at a minimum Plaintiff has made a prima facie case of jurisdiction and is entitled to discovery.

**III. Response to Motion to Dismiss the Citation**

Defendants' Motion should likewise be denied as to Plaintiff's individual citation to Defendant. Defendant's first augment is that the Court lacks jurisdiction over Defendant because he resides out of state. This argument is easily disposed of. Illinois procedure regarding supplementary proceedings governs Plaintiff's citations and this proceeding. Fed. R. Civ. P. 69(a); *Resolution Trust Corp. v Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993). Pursuant to Illinois Supreme Court Rule 277(d), supplementary proceeding against the judgment debtor may be commenced in the court where the judgment was entered. Il. Sup. Ct. R. 277(d) (which Defendant cited for a different purpose in his Motion). This Court entered the subject judgment which is the basis of Plaintiff's Citation. Doc. 33. As a result, Plaintiff's Citation is properly before this Court.

Defendants' second argument is equally without merit. Defendant alleges Plaintiff failed to comply with mailing requirement of 735 ILCS 5/2-1402(b). This provision, however, only relates to third party citations. Section (b) provides in relevant part:

> Whenever a citation is served upon a person or party <u>other than the judgment debtor</u>, the officer or person serving the citation shall send to the judgment debtor, within three business days of the service upon the cited party, a copy of the citation and the citation notice, which may be sent by regular first-class mail to the judgment debtor's last known address. In no event shall a citation hearing be held sooner than five business days after the mailing of the citation and citation notice to the judgment debtor, except by agreement of the parties.

735 ILCS 5/2-1402(b) (emphasis added). This section ensures that a judgment debtor receives notice when the creditor serves third party citations. *In re Marino*, 201 B.R. 234 , 246

(Bankr. N.D. Ill. 1996). Therefore, it is irrelevant as to Plaintiff's individual Citation to Defendant.

Moreover, Plaintiff served the Third Party Citations <u>on Defendant</u>. This is not a case where Plaintiff served Third Party Citations on unrelated third parties, such as financial institutions and failed to provide notice. To the contrary, all three Third Party Citations were served on Defendant in his capacity as the registered agent. Ex. A, Doc. 36-39. Therefore, the Motion should be denied as it relates to Defendant.

**WHEREFORE**, Plaintiff, Hinsdale Bank & Trust Company, respectfully requests this Court:

a) Deny the Motion to Dismiss as to Third Party Respondents or, in the alternative, continue the Motion as it relates to only Third Party Citation Respondents until Hatti produces the documents required by the Citation including the business records for Third Party Citation Respondents Hatti Group, RE, LLC, Corelinq Ventures, LLC, and Corelinq Innovations, LLC and sits for his citation exam, and further grant Plaintiff leave to issue jurisdictional discovery,

b) deny the Motion to Dismiss as it relates to Defendant Harsha Hatti and direct Hatti to produce the documents required by Plaintiff's Citation within 14 days, and

c) grant such further relief to which Plaintiff is entitled.

                                  Hinsdale Bank & Trust Company

                                  By: <u>/s/: Matthew L. Hendricksen</u>
                                       One of Its Attorneys

James M. Crowley (ARDC#6182597)
Matthew L. Hendricksen (ARDC#6296720)
Plunkett Cooney, P.C.
221 North LaSalle Street
Suite 1550
Chicago, Illinois 60601
mhendricksen@plunkettcooney.com