IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Hinsdale Bank & Trust Company,** ) | |
| **Plaintiff,** ) | |
| ) | No. 19 C 6121 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| **Harsha Hatti, Corelinq Innovations, LLC,** ) | |
| **Corelinq Ventures, LLC, and Hatti Group RE,** ) | |
| **LLC,** ) | |
| **Defendant and Third-Party** ) | |
| **Citation Respondents.** ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's and third-party citation respondents' motion to dismiss for lack of personal jurisdiction [48] is granted in part and denied in part. The motion to dismiss the citation to discover assets against Defendant is denied. The motion to dismiss the third-party citation respondents for lack of personal jurisdiction is granted. Plaintiff's request to conduct jurisdictional discovery is denied.

## STATEMENT

Plaintiff filed a complaint alleging that Defendant Harsha Hatti breached a guaranty. On January 23, 2020, this Court entered a final judgment in favor of Plaintiff and against Defendant in the amount of $2,963,819.53. Plaintiff served a citation to discover assets on Defendant and the third-party citation respondents with a return date of January 26, 2021. Prior to the return date, Plaintiff filed a motion for conditional judgments against the third-party citation respondents and a rule to show cause against Defendant in the event they did not appear at the citation hearing. Defendant and the third-party citation respondents now move to dismiss the citations against them, arguing that the Court lacks personal jurisdiction over them.

"Section 2-1402 of the [Illinois Code of Civil Procedure] and [Illinois Supreme Court] Rule 277 discuss two categories of parties against whom a judgment creditor may bring supplementary proceedings: (1) the judgment debtor and (2) third parties who the judgment creditor believes have property of, or are indebted to, the judgment debtor." *Shipley v. Hoke*, 22 N.E.3d 469, 482 (Ill. App. Ct. 2014). Here, Plaintiff issued citations against Defendant as well as three entities associated with Defendant: Corelinq Innovations, LLC, Corelinq Ventures, LLC, and Hatti Group RE, LLC. As part of their motion to dismiss the citations, Defendant and the third-party citation respondents filed an affidavit in which Defendant attests that: he is a citizen and resident of the State of West Virginia; Corelinq Innovations, LLC is a West Virginia limited liability company of which Defendant is the sole member; and Corelinq Ventures, LLC is a West Virginia limited liability company of which he and his wife are the only members. (Hatti Aff., Dkt. # 53, ¶¶ 1-3.) There is no mention in the affidavit of Hatti Group RE, LLC.

"Courts must have an independent basis [for] personal jurisdiction over an individual to whom it issues a citation." *Woolard v. Woolard*, 05 C 7280, 2009 WL 3150435, at *3 (N.D. Ill. Sept. 23, 2009). "A forum state's courts may not exercise personal jurisdiction over a nonconsenting, out-of-state defendant unless the defendant has 'certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (citation omitted); *see also Aon Corp. v. Cabezas*, No. 15 C 4980, 2018 WL 1184728, at *5 (N.D. Ill. Mar. 7, 2018) ("For a court sitting in diversity, personal jurisdiction is governed by the law of the forum state--that is, '[t]he court's exercise of jurisdiction over the defendant must be authorized by the terms of the forum state's personal-jurisdiction statute and also must comport with the requirements of the Fourteenth Amendment's Due Process Clause.'") (citation omitted). "The 'Illinois long-arm statute permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause . . . so here the state statutory and federal constitutional inquiries merge.'" *Tekway, Inc. v. Agarwal*, No. 19 C 6867, 2020 WL 5946973, at *4 (N.D. Ill. Oct. 7, 2020) (citation omitted). The party asserting jurisdiction has the burden of proof. *See Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 697 (7th Cir. 2015). There are two types of personal jurisdiction: general and specific. *Hunter Tech. Corp. v. Omega Glob. Techs., Inc.*, No. 20 C 4858, 2020 WL 7078382, at *2 (N.D. Ill. Dec. 3, 2020).

As to Corelinq Innovations, Plaintiff asserts that the Court has personal jurisdiction over it based on the following: a 2017 news release from Corelinq Innovations' website about its involvement in the development of a technology hub in Birmingham, Alabama, which passingly references Corelinq Innovations' Chicago office; a 2015 article from the Birmingham Business Journal about the same subject, which again, states in passing that Corelinq Innovations has an office in Chicago; a partial view of a LinkedIn page for an individual named Adam Davis, which indicates that he was previously employed by Corelinq Innovations in Skokie, Illinois, between March 2012 and March 2018; and an April 5, 2017 press release published by PRWeb, announcing a partnership between Corelinq Innovations and Integrity Payment Systems, which is based in Des Plaines, Illinois. (Pl.'s Resp., Dkt. # 50, Exs. B-E.) With respect to Corelinq Ventures, Plaintiff states that it "believes [Corelinq Ventures] is closely affiliated with, or a parent/subsidiary of, Corelinq Innovations, LLC and therefore likely shares the same contacts to Illinois as Corelinq Innovations." (*Id*., at 4.) Similarly, Plaintiff indicates that it believes that Hatti Group RE, LLC (a West Virginia limited liability company of which Defendant is the sole member (*id*., Ex. G, ¶ 3)) is closely affiliated with, or a parent/subsidiary of Hatti Group RE Chicago, LLC, an Illinois limited liability company, and that Defendant owns 100% of Hatti Group RE Chicago, LLC. In addition, Plaintiff notes that "all three [third-party citation respondents] are defendants in a separate Northern District of Illinois case arising from guaranties of payment they made for a loan." *Id*.

The third-party citation respondents challenge Plaintiff's evidence based on the age of the articles and press release, noting they are from 2015 and 2017, as well as their relevance. They admit that Davis worked for Corelinq Innovations, but only remotely from his home in Skokie, Illinois, and Defendant attests in his declaration that none of the third-party citation respondents have offices in Chicago. Finally, Defendant states in his declaration that there is no partnership between Innovations and Integrity Business Exchange or Integrity Payment Systems, LLC (collectively, "Integrity"); rather, Integrity only provided credit-card processing services to

2

Corelinq Innovations, which can be accessed through Integrity's website. (Reply, Dkt. # 52, ¶ 12) (citing Hatti Decl., Dkt. # 53, ¶¶ 12-13).

Plaintiff does not indicate whether it is relying on general or specific jurisdiction, but under either analysis, Plaintiff fails to meet its burden of establishing a prima facie case for personal jurisdiction over the third-party citation respondents. "The Due Process Clause allows a court to exercise general jurisdiction over a foreign corporation only when 'its affiliations with the state are so "continuous and systematic" as to render it *essentially at home* in the forum State.'" *Lefebvre v. Wash. Univ.*, No. 20 C 4928, 2021 WL 197388, at *2 (N.D. Ill. Jan. 20, 2021) (citations omitted and emphasis added).[1] "General jurisdiction means that the defendant is so 'at home' in the forum state that he can be sued there for anything, even a claim that has no nexus to the state at all." *Tekway*, 2020 WL 5946973, at *4 (citation omitted). Even assuming their truth, the few contacts cited by Plaintiff do not satisfy the rigorous standard for establishing this Court's general jurisdiction over the third-party citation respondents. *See Kipp*, 783 F.3d at 698 (noting that general jurisdiction "should not lightly be found").

"[T]he exercise of '[s]pecific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities.'" *Cabezas*, 2018 WL 1184728, at *5 (citation omitted). "Contacts that are merely random, fortuitous or attenuated are not sufficient to establish that jurisdiction was foreseeable." *Shared Med. Equip. Grp., LLC v. Simi Valley Hosp. & Healthcare Servs.*, 3 F. Supp. 3d 735, 742 (W.D. Wis. 2014). Again, construing the alleged contacts in Plaintiff's favor and assuming arguendo that the third-party citation respondents directed their activities at Illinois or purposefully availed themselves of the privilege of conducting business in Illinois, the Court does not find, and Plaintiff makes no effort to demonstrate, that "the [third-party citation respondents'] contacts with the forum state . . . 'directly relate to the challenged conduct or transaction.'" *N. Grain Mktg.*, 743 F.3d at 492 (citations omitted). Thus, Plaintiff has failed to establish a prima facie case of specific jurisdiction.

Plaintiff asserts that Illinois law allows for broad discovery in citation proceedings, and in the event that it has not established a prima facie case of personal jurisdiction, it should be permitted to conduct discovery, which "should resolve [the third-party citation respondents'] assertion of a lack of contacts to Illinois." (Pl.'s Resp., Dkt. # 50, at 5.) "Generally, courts grant jurisdictional discovery if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdiction issue." *Ticketreserve, Inc. v. viagogo, Inc.*, 656 F. Supp. 2d 775, 782 (N.D. Ill. 2009). Here, however, none of the alleged contacts Plaintiff cites with respect to the third-party citation respondents creates any ambiguity or lack of clarity regarding the personal-jurisdiction issue. The purported contacts with Illinois do not appear to have anything to do with

---

[1] While the third-party citation respondents are limited liability companies, the Court analyzes its personal jurisdiction over them as if they are corporations. *See Finn v. Great Plains Lending, LLC*, No. 15 C 4658, 2016 WL 705242, at *3 (E.D. Pa. Feb. 23, 2016) ("Although the language of [the relevant Supreme Court case, *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014)] speaks only in terms of corporations, the subsidiary at issue in *Daimler* was Mercedes-Benz USA, LLC.").

the underlying action, which is a breach-of-guaranty action against Defendant for credit extended to Hatti Group RE Chicago, LLC, which is not one of the third-party citation respondents. Nor is there any indication that additional discovery would show that the respondents are "at home" in Illinois for purposes of general jurisdiction. Accordingly, the request to conduct jurisdictional discovery is denied. Plaintiff is not without recourse, as it may seek to enforce the judgment through a West Virginia court, where the entities are located.

As to Defendant, "[a] citation generally serves to restrain tangible property of the debtor located within Illinois and intangible property located anywhere, as long as the Illinois court has personal jurisdiction over the owner of the debt." *Leibovitch v. Islamic Rep. of Iran*, 297 F. Supp. 3d 816, 832 (N.D. Ill. 2018). According to Defendant, "for all the same reasons set forth above as to why the court lacks personal jurisdiction over the Third[-]Party Citation Respondents, it also lacks personal jurisdiction over [him]." But the jurisdictional facts relevant to the third-party citation respondents do not necessarily apply to Defendant. Notably, Defendant appears to abandon in his reply brief the argument that the Court lacks personal jurisdiction over him. Defendant's failure to fully and properly address the personal-jurisdiction argument as it pertains to him means that he has waived it. *See Crespo v. Colvin*, 824 F.3d 667, 673 (7th Cir. 2016) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."). Therefore, Defendant's motion to dismiss for lack of personal jurisdiction is denied.

To the extent Defendant claims the citation against him should be dismissed because he did not receive a copy in the mail, that requirement applies only to third-party citation respondents. *See* 735 ILCS 5/2-1402(b) ("Whenever a citation is *served upon a person or party other than the judgment debtor*, the officer or person serving the citation shall send to the judgment debtor, within three business days of the service upon the cited party, a copy of the citation and the citation notice, which may be sent by regular first-class mail to the judgment debtor's last known address.") (emphasis added). Moreover, Plaintiff attaches to its response the affidavit of a process server, who attests that he personally served Defendant with the relevant citation on January 8, 2021 at his home in West Virginia. (Pl.'s Resp., Dkt. # 50, Ex. A.) Therefore, this basis for relief is denied.

**Date**: August 9, 2021

                                                            **Ronald A. Guzmán**
                                                            **United States District Judge**