IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HINSDALE BANK & TRUST COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19 C 6121 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| HARSHA HATTI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Telephonic status hearing held on 1/12/2022 and continued to 1/25/2022 at 11:00 a.m. On or before the close of business on Friday, 1/21/2022, Defendant Harsha Hatti shall produce the documents, information and/or affidavits identified below. Defendant's motion to quash [90] is denied for the reasons stated below. Throughout the telephonic hearing, each speaker will be expected to identify themselves for the record before speaking. Please note that the conference call-in will be used by all cases that are on the court's calendar for the said date, therefore counsel must be in a quiet area while on the line and must have the telephone muted until your case is called. Members of the public and media will be able to call in to listen to this hearing. The call-in number is (888) 684-8852 and the access code is 1246152. Counsel of record will receive an email the day before the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

## STATEMENT

This case comes to be heard for a status hearing regarding supplemental post judgment proceedings. Plaintiff reports [88] that Defendant has not produced all documents responsive to Plaintiff's requests. Defendant has filed motions to quash previously issued third-party citations to discover assets and subpoenas previously issued by judgment creditor, Hinsdale Bank and trust Company (# 90). For the reasons stated in open court, the Court rules as follows:

By the date set forth above, Defendant shall provide the following information or documents in response to Plaintiff's requests:

1.) Defendant **Harsha Hatti** is ordered to produce the QuickBooks records as agreed during the citation to discover assets examination of November 23, 2021; or if such records cannot be located defendant must file an affidavit under oath detailing the efforts he has made to locate the records, declaring that he has exhausted all means known to him of locating the records and that he has been unable to locate the QuickBooks records.

2.) Defendant Harsha Hatti is ordered to produce all life insurance records showing the cash surrender value or which have information which can lead to the discovery of the cash surrender value of all life insurance policies on Defendant's life. If Defendant is unable to locate such records or information, he is directed to request it in whatever form required for compliance with the rules of the life insurance policy or the company issuing the same. He shall file an affidavit under oath detailing what he has done to obtain information as to the cash surrender value of any life insurance policy on his life and declaring that he has exhausted all known possibilities of obtaining this information.

3.) Defendant Harsha Hatti shall produce his trust agreements and his spouse's trust agreements as agreed during the citation to discover assets examination of November 23, 2021.

4.) Defendant is ordered either to produce the original or any copies of the application he made for a loan to the entity called Louden or to produce an affidavit under oath verifying that he no longer has the original or any copies and stating with specificity what efforts he has made to find it, including what efforts he has made to get the information from Louden. The affidavit shall verify that he has exhausted all means of which he has knowledge to obtain said document or information.

5.) Defendant indicates that he has no records of his dealings with Southern States Bank that he has not already turned over. He is ordered to produce an affidavit under oath verifying that he has no records pertaining to his dealings with Louden Bank that he has not already turned over and has exhausted all means known to him to obtain such records.

6.) Defendant is ordered to produce a copy of his will.

7.) Defendant is ordered to demand from his accountant copies of all the documents and information is given his accountant in relation to the preparation of his 2020 tax returns. He shall verify his compliance by filing an affidavit under oath.

8.) Defendant is ordered to produce any and all information and documentation he has with respect to the sale of any classic cars he referred to in the citation to discover assets examination of November 23, 2021. He shall file an affidavit under oath verifying that he has produced all such documents known to him which are either in his possession or which he has the ability to obtain, stating with specificity what efforts he has made to locate the documents or information.

9.) Defendant is ordered to produce any and all bank records for him or the LLCs Plaintiff identified from 2018 to the present that he possesses or has access to; if he is unable to produce all such records for that period, he shall submit an affidavit detailing what records he has produced, what bank accounts or records there may be that he has not produced, and state with specificity the efforts he has made to obtain them.

Next, Defendant has moved to quash Citations issued to MassMutual Life Insurance Company and Capital One Bank (USA), N.A./Capital One, N.A., and a subpoena issued to Truist Bank, as to any information elicited from them regarding the following entities: Maxmind, Inc., his wife's employer; the Mid-Atlantic Summer Swim League Limited, a not-for-profit entity which

Defendant incorporated on July 11, 2016 but is not an officer or agent for the same; Evocare LLC, a company 100% owned by Defendant's wife; Eashan, LLC; and EKH LLC and SVH LLC, also entities 100% owned by Defendant's wife but which she organized for the benefit of their minor children and their income or earning activities. Defendant's objection as to each of these citations is the same. He argues that they belong and are controlled 100% by Defendant's spouse, who is not the subject of the lawsuit, and that he has no interest in them. That objection is overruled as the Court can easily see how a spouse with half a dozen corporations/business entities could easily be used to hide Defendant's assets. Fraudulent conveyances of assets made solely for the purpose of avoiding the judgment to any such organization would be a likely and easy way to hide assets from the judgment creditor. This is especially true when viewed in the context of this litigation in which Defendant has not been forthcoming with information and, initially, simply ignored the proceedings altogether. The Court is satisfied that the plaintiff has demonstrated a reasonable basis for believing that funds subject to the judgment may be found in the financial and business records of these organizations. In fact, Defendant admits that several of the organizations were created "on behalf of their minor children for the minor children's income earning activities." It would appear from this explanation that the children's earned income is being funneled into these organizations. Thus, whether purposeful or not, these organizations, which are 100% owned by Defendant's wife, are already serving the function of depositories for the assets of their children. They could just as easily be serving the function of depositories for the assets of Defendant.

The Court overrules the objection to the citation to the Mid-Atlantic Summer Swim League. Defendant represents that this is a not-for-profit organization of which neither he nor his wife were owners or agents. Nor are the officers of the organization. The Court finds that Defendant has no standing to assert the interests of this organization.

The objection to the solicitation of information relating to Maxmind, Inc. is denied as moot. Plaintiff withdraws his citation as it relates to information regarding Maxmind.

Defendant also objects and moves to quash a subpoena served upon Nationwide Insurance for the same reasons as his objections to the citations discussed above. This objection/motion is denied for the same reasons indicated as to the contested Citations above.

Defendant also objects and moves to quash a subpoena served upon a Dr. Albert Joseph Borelli, Jr. He argues that the subpoena goes beyond the geographical limits of Rule 45(c) and that rule 45(d)(3)(a) requires that it be quashed. The objection comes too late as it not only is not made within 14 days of service, but Dr. Borelli has already complied without raising any objection.

Defendant is ordered to produce the documents, information and/or affidavits above ordered on or before the close of business Friday, January 21, 2022. Should he fail to do so, the Court will entertain a rule to show cause. The status hearing is continued to January 25, 2022 at 11:00 am.

**DATE:** January 13, 2022

**Hon. Ronald A. Guzmán**
**United States District Judge**